# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| § | | |
| vs. § | Case No. 4:06cr290 | |
| § | (Judge Crone) | |
| BRUCE WILLIAM LARKIN § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 27, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Glenn Jackson.

On October 4, 2007, Defendant was sentenced by the Honorable Marcia A. Crone to twenty-seven (27) months' custody followed by three (3) years of supervised release for the offense of Felon in Possession of a Firearm. On January 23, 2009, Defendant completed his period of imprisonment and began service of his supervised term. On June 25, 2009, Defendant's supervised release was revoked and Defendant was sentenced to six (6) months' custody followed by an additional two (2) years of supervised release. On November 19, 2009, Defendant completed his second period of imprisonment and began service of his additional term of supervised release.

On May 10, 2010, the U.S. Pretrial Services Officer executed the First Amended Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated various mandatory, standard, and special conditions. The petition asserts the following nine allegations of violations: (1) defendant shall not commit another federal, state, or local crime; (2) defendant shall not unlawfully possess a controlled substance; (3) defendant shall refrain from excessive use of

alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (5) defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court; (6) defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician; (7) defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (8) defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the probation office, until such time as the defendant is released from the program by the probation officer; and (9) defendant shall be placed on home detention for a period not to exceed six months, to commence immediately.

The petition alleges that Defendant committed the following acts: (1) On May 7, 2010, defendant was arrested on a supervised release violator's warrant in Paris, Texas. Upon the defendant's arrest, deputies with the Lamar County Sheriff's Department discovered the defendant was in possession of numerous illegal drugs. He was subsequently charged with six new felony offenses of manufacture/delivery of a controlled substance in a drug free zone; (2) On May 7, 2010, the defendant was in the company of Clinton Charles Bell, a convicted felon; (3) defendant submitted a urine specimen on February 18, 2010, that tested positive for amphetamine. The defendant submitted urine specimens on April 6 and April 13, 2010, that tested positive for methamphetamine; (4) On January 8, 2010, defendant was instructed not to consume alcohol while

he was attending substance abuse counseling. On April 6, 2010, during an unannounced home visit, defendant admitted to the U.S. Probation Office he had consumed alcohol earlier in the day; (5) defendant failed to report for drug testing at Community Health Core in Paris, Texas, on February 10, 2010, and April 5, 2010; and (6) On December 11, 2009, and March 14, 2010, defendant failed to follow his approved schedule for home detention and returned to his residence late.

Prior to the Government putting on its case, Defendant entered a plea of true to violations numbers five, six, eight, and nine.

The Government offered the testimony of U.S. Probation Officer Ben Sanders and Lamar County Sheriff's Department Deputy Anson Amos to support the remaining violations. After the Government put on its case, defendant offered the testimony of Roy Ginn.

The Court finds the guideline range in this case is twenty-four (24) to thirty (30) months. However, the maximum sentence allowed is imprisonment for eighteen (18) months. The probation officer recommended eighteen (18) months of imprisonment with no supervised release to follow.

## RECOMMENDATION

The Court finds that Defendant has violated his conditions of his supervised release. Based upon these violations, the Court recommends that Defendant's supervised release should be revoked. The Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with no supervised release to follow.

On June 9, 2010, defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 15th day of June, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE